# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROBLES, | |
|     Plaintiff, | |
| v. | Case No. 3:17-CV-953-NJR-GCS |
| ELIJAH SPILLER, KAREN CLARK, JOHN WOLFE, KALE LIVELY, AMY WILLIAMS, NANCY KNOPE, MICHAEL SCOTT, CHRISTINE BROWN, and KAREN JAIMET, | |
|     Defendants. | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Luis Robles filed this lawsuit in September 2017 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was an inmate of the Illinois Department of Corrections (Doc. 1). Specifically, Robles asserts Defendants were deliberately indifferent to his knee injury, in violation of the Eighth Amendment, and that Defendant Wolfe discriminated against him on the basis of his racial/ethnic background, in violation of the Equal Protection Clause of the Fourteenth Amendment (*see* Doc. 5).

On April 1, 2019, Defendants Amy Williams, Nancy Knope, and Michael Scott filed a motion for summary judgment on the merits of Robles's case (Doc. 45). Although Defendants gave Robles proper notice of their motion as required by the Federal Rules of Civil Procedure (Doc. 47), Robles never responded to the motion.

On May 29, 2019, Magistrate Judge Gilbert C. Sison entered a Report and Recommendation (Doc. 50), recommending that the undersigned grant Defendants' motion. Judge Sison reasons that, under Local Rule 7.1(c), Robles's failure to respond is considered an admission of the merits of the motion. Based on that admission, Judge Sison then concluded that Defendants Williams, Knope, and Scott were not deliberately indifferent to Robles and that they are entitled to summary judgment on Robles's claims against them. Objections to the Report and Recommendation were due June 17, 2019. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed Judge Sison's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions.

Having found no clear error, the Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 50). The Motion for Summary Judgment filed by Defendants Williams, Knope, and Scott (Doc. 45) is **GRANTED**. The following claims now remain in this case:

**Count 1:** Fourteenth Amendment claim against Defendant Wolfe for violating Plaintiff's right to equal protection and for refusing to summon medical assistance for Plaintiff's injured knee because he is Hispanic;

**Count 2**: Eighth Amendment deliberate indifference claim against Wolfe, Clark, Spiller, and Lively for failing to request medical treatment for Plaintiff's injured knee after being informed that he was unable to walk and was in severe pain;

**Count 3:** Eighth Amendment deliberate indifference claim against Brown for delaying treatment and failing to provide necessary medical care for Plaintiff's injured knee.

Karen Jaimet, the acting warden of Pinckneyville, remains a party in her official capacity only, in the event the Court determines injunctive relief is warranted.

**IT IS SO ORDERED.**

**DATED:** June 26, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**