IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS ROBLES,<br><br>      Plaintiff,<br><br>v.<br><br>ELIJAH SPILLER, KAREN CLARK,<br>JOHN WOLFE, KALE LIVELY,<br>CHRISTINE BROWN, and<br>KAREN JAIMET,<br><br>      Defendants. | Case No. 3:17-CV-953-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 57), which recommends the undersigned grant the Motion for Summary Judgment filed by Defendants Elijah Spiller, Karen Clark, John Wolfe, Kale Lively, Christine Brown, and Karen Jaimet. (Doc. 54). For the reasons set forth below, the adopts the Report and Recommendation and grants Defendants' motion for summary judgment.

Plaintiff Luis Robles, an inmate of the Illinois Department of Corrections housed at Pinckneyville Correctional Center, brought this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Robles asserts Defendants were deliberately indifferent to his knee injury, in violation of the Eighth Amendment, and that Defendant Wolfe discriminated against him on the basis of his racial/ethnic background, in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* Doc. 5).

On July 10, 2019, Defendants filed a motion for summary judgment on the merits of Robles's case. (Doc. 54). Although Defendants gave Robles proper notice of their motion as required by the Federal Rules of Civil Procedure (Doc. 56), Robles never responded to the motion.

On August 28, 2019, Magistrate Judge Gilbert C. Sison entered a Report and Recommendation, recommending that the undersigned grant Defendants' motion. Under Local Rule 7.1(c), Judge Sison considered Robles's failure to respond an admission of the merits of the motion. Based on that admission, Judge Sison then concluded that Defendant Wolfe did not violate Robles's Fourteenth Amendment right to equal protection (Count 1), Defendants Wolfe, Clark, Spiller, and Lively were not deliberately indifferent to Robles's medical needs (Count 2), and Defendant Brown was not deliberately indifferent to Robles as she had no role in any delay in medical care (Count 3). Accordingly, Judge Sison recommends that the undersigned grant summary judgment to Defendants. Objections to the Report and Recommendation were due September 16, 2019. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has carefully reviewed Judge Sison's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions.

Having found no clear error, the Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 57). The Motion for Summary Judgment filed by Defendants Brown, Clark, Jaimet, Lively, Spiller and Wolfe (Doc. 54) is **GRANTED**. Plaintiff Luis Robles shall recover nothing, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** October 22, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**